# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

_____

BRIAN D.,[1]

      Plaintiff,

v.                                                                Case No. 2:21-cv-00521-JCH-SCY

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

      Defendant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

Pro se plaintiff Brian D. seeks to remand his case back to the ALJ for reconsideration and further proceedings. On May 18, 2022, the Honorable Judith Herrera referred this matter to me for proposed findings and a recommended disposition under 28 U.S.C. § 636(b). Doc. 35. Because Plaintiff does not point to any reversible error, I recommend that the Court DENY Plaintiff's Motion to Remand (Doc. 29).[2]

## APPLICABLE LAW

A.    Disability Determination Process

An individual is considered disabled if she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A) (pertaining to disability insurance

---

[1] In the interest of privacy, this PFRD uses only the first name and the initial of the last name of the non-governmental party or parties in this case.

[2] I reserve discussion of the background, procedural history, and medical records relevant to this appeal for my analysis.

benefits); *see also id.* § 1382c(a)(3)(A) (pertaining to supplemental security income disability

benefits for adult individuals). The Social Security Commissioner has adopted the familiar five-

step sequential evaluation process ("SEP") to determine whether a person satisfies the statutory

criteria as follows:

(1)   At step one, the ALJ must determine whether the claimant is engaged in "substantial gainful activity."[3] If the claimant is engaged in substantial gainful activity, she is not disabled regardless of her medical condition.

(2)   At step two, the ALJ must determine the severity of the claimed physical or mental impairment(s). If the claimant does not have an impairment or combination of impairments that is severe and meets the duration requirement, she is not disabled.

(3)   At step three, the ALJ must determine whether a claimant's impairment(s) meets or equals in severity one of the listings described in Appendix 1 of the regulations and meets the duration requirement. If so, a claimant is presumed disabled.

(4)   If, however, the claimant's impairments do not meet or equal in severity one of the listings described in Appendix 1 of the regulations, the ALJ must determine at step four whether the claimant can perform her "past relevant work." Answering this question involves three phases. *Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996). First, the ALJ considers all of the relevant medical and other evidence and determines what is "the most [the claimant] can still do despite [her physical and mental] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). This is called the claimant's residual functional capacity ("RFC"). *Id.* §§ 404.1545(a)(3), 416.945(a)(3). Second, the ALJ determines the physical and mental demands of the claimant's past work. Third, the ALJ determines whether, given the claimant's RFC, the claimant is capable of meeting those demands. A claimant who is capable of returning to past relevant work is not disabled.

(5)   If the claimant does not have the RFC to perform her past relevant work, the Commissioner, at step five, must show that the claimant is able to

---

[3] "Substantial work activity is work activity that involves doing significant physical or mental activities." 20 C.F.R. §§ 404.1572(a), 416.972(a). The claimant's "[w]ork may be substantial even if it is done on a part-time basis or if [she] doe[es] less, get[s] paid less, or ha[s] less responsibility than when [she] worked before." *Id.* "Gainful work activity is work activity that [the claimant] do[es] for pay or profit." *Id.* §§ 404.1572(b), 416.972(b).

> perform other work in the national economy, considering the claimant's
> RFC, age, education, and work experience. If the Commissioner is unable
> to make that showing, the claimant is deemed disabled. If, however, the
> Commissioner is able to make the required showing, the claimant is
> deemed not disabled.

*See* 20 C.F.R. § 404.1520(a)(4) (disability insurance benefits); 20 C.F.R. § 416.920(a)(4)

(supplemental security income disability benefits); *Fischer-Ross v. Barnhart*, 431 F.3d 729, 731

(10th Cir. 2005); *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005).

  The claimant has the initial burden of establishing a disability in the first four steps of this

analysis. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). The burden shifts to the Commissioner

at step five to show that the claimant is capable of performing work in the national economy. *Id.*

A finding that the claimant is disabled or not disabled at any point in the five-step review is

conclusive and terminates the analysis. *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799,

801 (10th Cir. 1991).

  B. Standard of Review

  This Court must affirm the Commissioner's denial of social security benefits unless

(1) the decision is not supported by "substantial evidence" or (2) the ALJ did not apply the

proper legal standards in reaching the decision. 42 U.S.C. § 405(g); *Hamlin v. Barnhart*, 365

F.3d 1208, 1214 (10th Cir. 2004); *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004);

*Casias*, 933 F.2d at 800-01. In making these determinations, the Court "neither reweigh[s] the

evidence nor substitute[s] [its] judgment for that of the agency.'" *Bowman v. Astrue*, 511 F.3d

1270, 1272 (10th Cir. 2008) (internal quotation marks omitted). "[W]hatever the meaning of

'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek

v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted). "Substantial evidence . . . is 'more

than a mere scintilla.'" *Id.* (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "It

means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation marks omitted).

A decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record," *Langley*, 373 F.3d at 1118 (internal quotation marks omitted), or "constitutes mere conclusion," *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). The agency decision must "provide this court with a sufficient basis to determine that appropriate legal principles have been followed." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (internal quotation marks omitted). Therefore, although an ALJ is not required to discuss every piece of evidence, "[t]he record must demonstrate that the ALJ considered all of the evidence" and "a minimal level of articulation of the ALJ's assessment of the evidence is required in cases in which considerable evidence is presented to counter the agency's position." *Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996) (internal quotation marks omitted). But where the reviewing court "can follow the adjudicator's reasoning" in conducting its review, "and can determine that correct legal standards have been applied, merely technical omissions in the ALJ's reasoning do not dictate reversal." *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012). The court "should, indeed must, exercise common sense." *Id.* "The more comprehensive the ALJ's explanation, the easier [the] task; but [the court] cannot insist on technical perfection." *Id.*

## ANALYSIS

Plaintiff seeks remand without specifying any legal error in the ALJ's decision. Doc. 29 at 1 ("Plaintiff grudgingly submits this motion to remand as since that time of the last ALJ decision, plaintiff has had additional and worsening conditions of the endocrine systems, poor vision and worsening circulatory conditions."). The Court should find that this failure to identify an error is fatal to Plaintiff's claim. *See United States v. Rodriguez-Aguirre*, 108 F.3d 1228, 127

4

n.8 (10th Cir. 1997) ("[I]t is the appellant's responsibility to tie the salient facts, supported by specific record citation, to [his] legal contentions." (citation omitted)); *Gilbert v. Astrue*, 231 F. App'x 778, 782, 785 & n.5 (10th Cir. 2007) (applying this rule in the Social Security context); *Mays v. Colvin*, 739 F.3d 569, 576 (10th Cir. 2014) (to meet his burden in court, the claimant must not only "point[] to evidence that he claims the ALJ failed to discuss," but also "say why it was significantly probative"; the court will not do so for him).

I have meticulously reviewed the record pursuant to *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007) and recommend the Court find that the ALJ's decision is supported by substantial evidence.

UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**